IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BEVERLY HOFFMAN, individually and
in her capacity as the Administratrix
of the Estate of Gary A. Hoffman,

    Plaintiff,

v.                                       Civil Action No. 1:10CV83
                                                 (STAMP)

CONSOLIDATION COAL COMPANY
a Delaware corporation and
FRANK GALAMBUS,
a West Virginia resident,
individually,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND;
DENYING WITHOUT PREJUDICE DEFENDANT
FRANK GALAMBUS'S MOTION TO DISMISS
AND DENYING PLAINTIFF'S REQUEST FOR
HEARING ON MOTION TO REMAND**

I.  Procedural History

The plaintiff filed this personal injury action in the Circuit Court of Harrison County, West Virginia against defendants Frank Galambus ("Galambus") and Consolidation Coal Company alleging a statutory tort under West Virginia Code § 23-4-2(d)(2)(ii), commonly referred as a "deliberate intent" cause of action, and loss of consortium. The plaintiff subsequently amended her complaint to add a claim under West Virginia Code § 23-4-2(d)(2)(i). On May 26, 2010, the defendants filed a notice of removal in this Court based upon diversity jurisdiction, and defendant Galambus filed a motion to dismiss that same day.

Thereafter, the plaintiff filed a motion to remand to which the defendants responded. The plaintiff filed a reply.

Having reviewed the parties' pleadings and the relevant law, this Court finds that diversity jurisdiction is lacking. Accordingly, the plaintiff's motion to remand must be granted, and Galambus's motion to dismiss will be denied without prejudice to being raised in state court, if appropriate.[1]

## II. Facts

Consolidation Coal Company employed Gary Hoffman as a locomotive operator at Robinson Run No. 95 underground mine, located in Harrison County, West Virginia. On June 5, 2008, Gary Hoffman, along with trackmen Richard Carson and Dave Auvil, was instructed by his supervisor, Frank Galambus, to deliver two supply cars loaded with doughnut fiber cribs and other materials to an area several miles into the mine. Gary Hoffman operated the lead locomotive, which was coupled to two loaded supply cars weighing over 43 tons. Due to the high temperatures and humidity, moisture and condensation had accumulated on the rails, leaving them slick. Shortly after Hoffman entered the mine, Mr. Carson, who was in the trailing locomotive, noticed Hoffman lying along the clearance side of the supply track. Hoffman was killed when the locomotive and

---

[1] On June 29, 2010, the plaintiff filed a request for a hearing on the motion to remand. Because this Court grants the plaintiff's motion to remand, a hearing is no longer necessary. Thus, the plaintiff's request is denied.

2

trip he was operating began to slide on the wet rails on a downhill grade. Hoffman was unable to maintain control of the locomotive and was struck by the last supply car in the trip.

Investigation by state and federal mining officials revealed that the inby sander located on the wire side of the locomotive was inoperative and defective, thus preventing Hoffman from applying sand to the wet rails. This violation of state and federal mining regulations and consensus industry safety standards, coupled with the slick rails, was found to have contributed directly to the accident. Count I of the complaint alleges deliberate intent against Consolidation Coal Company and Galambus. Count II alleges loss of consortium against the defendants. Consolidation Coal Company is a corporation organized and existing under the laws of the Commonwealth of Delaware with its principal office located in Pittsburgh, Pennsylvania. Galambus is a West Virginia resident who works for Consolidation Coal in a supervisory capacity at Robinson Run No. 95 underground mine in Harrison County, West Virginia.

### III. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. A federal district court has original jurisdiction over cases between citizens of different states where the amount in controversy

exceeds $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a).

The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

The doctrine of fraudulent joinder creates an exception to the requirement of complete diversity. See Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999). Under this doctrine, removal is permitted even if a non-diverse party has been named as a defendant at the time the case is removed if the non-diverse defendant has been fraudulently joined. Id. "This doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." Id. When fraudulent joinder is alleged, a court is permitted to examine the entire record by any means available in order to determine the propriety of such joinder. See Rinehart v. Consolidation Coal Co., 660 F. Supp. 1140, 1141 (N.D. W. Va. 1987).

### IV. Discussion

In her pleadings in support of remand, the plaintiff argues that diversity jurisdiction is absent because the parties are not completely diverse. The defendants, in their response, contend

that non-diverse defendant Galambus was fraudulently joined to defeat diversity jurisdiction, thus, his citizenship should be disregarded for purposes of determining whether complete diversity of citizenship exists among the parties.

To establish fraudulent joinder, "the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). A claim of fraudulent joinder places a heavy burden on the defendant. Marshall, 6 F.3d at 232. "[T]he defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor. A claim need not ultimately succeed to defeat removal; only a possibility of right to relief need be asserted." Id. at 232-33 (internal citations omitted). Further, the burden is on the defendant to establish fraudulent joinder by clear and convincing evidence. See Rinehart, 660 F. Supp. at 1141.

Here, the defendants do not allege outright fraud in the plaintiff's pleadings. Instead, the defendants argue that the plaintiff failed to assert viable deliberate intent claims against Galambus. Therefore, to defeat the plaintiff's motion to remand,

the defendants must establish by clear and convincing evidence that, even resolving all issues of fact and law in the plaintiff's favor, the plaintiff has not alleged any possible claim against Galambus. The defendants fail to meet this burden.

Because the plaintiff's grounds for relief are based upon West Virginia law, the Court looks to the law of that state to determine whether Galambus was fraudulently joined. The plaintiff asserts a cause of action against Galambus and Consolidation Coal Company for a deliberate intention workplace injury pursuant to West Virginia Code § 23-4-2(d)(2). This statutory provision establishes an exception to the general prohibition against such suits under West Virginia Workers' Compensation Act. See W. Va. Code § 23-2-6.

West Virginia's deliberate intention statute provides two independent means for proving deliberate intention. Specifically, West Virginia Code § 23-4-2(d)(2) states:

> The immunity from suit provided under this section and under sections six [§ 23-2-6] and six-a [§ 23-2-6a], article two of this chapter may be lost only if the employer or person against whom liability is asserted acted with "deliberate intention". This requirement may be satisfied only if:
>
> (i) It is proved that the employer or person against whom liability is asserted acted with a consciously, subjectively and deliberately formed intention to produce the specific result of injury or death to an employee. This standard requires a showing of an actual, specific intent and may not be satisfied by allegation or proof of: (A) conduct which produces a result that was not specifically intended; (B) conduct which constitutes negligence, no matter how gross or aggravated; or (C) willful, wanton or reckless misconduct; or

6

(ii) The trier of fact determines, either through specific findings of fact made by the court in a trial without a jury or through special interrogatories to the jury in a jury trial, that all of the following facts are proven:

> (A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;
>
> (B) That the employer, prior to the injury, had actual knowledge of the unsafe working condition and of the high degree of risk and a strong probability of serious injury or death presented by the specific unsafe working condition;
>
> (C) That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer, as demonstrated by competent evidence of written standards or guidelines which reflect a consensus safety standard in the industry or business, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;
>
> (D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C), inclusive, of this paragraph, the employer nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and
>
> (E) That the employee exposed suffered serious compensable injury or compensable death as defined in section one [§ 23-4-1], article four, chapter twenty-three whether a claim for benefits under this chapter is filed

>     or not as a direct and proximate result of the
>     specific unsafe working condition.

W. Va. Code § 23-4-2(d)(2).  In her complaint and amended complaint, the plaintiff invokes both subparts (i) and (ii) as grounds for relief against Galambus and Consolidation Coal Company.

The defendants believe that the facts, as presented in the complaint, and the West Virginia Code reveal that there is no viable § 23-4-2(d)(2)(i) or § 23-4-2(d)(2)(ii) deliberate intent claim against Galambus.  First, the defendants argue that deliberate intent claims cannot be maintained against a co-worker under § 23-4-2(d)(2)(ii).  In support of this argument, the defendants rely on Evans v. CDX Services, LLC, 528 F. Supp. 2d 599 (S.D. W. Va. 2007), in which the court held that "co-employees are not subject to suit under § 23-4-2(d)(2)(ii) because that subsection only provides for actions against employers." Id. at 605.  Second, the defendants allege that the plaintiff's § 23-4-2-(d)(2)(i) claim, raised in the amended complaint, fails to meet the pleading requirements of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).[2]  Further, the defendants argue that the

---

[2]Specifically, the defendants contend that the plaintiff's claim merely recites the statutory language of § 23-4-2(d)(2)(i) and is nothing more than a belated attempt to defeat removal. Because this Court has determined that it lacks subject matter jurisdiction over this case, this opinion does not address the question of whether the plaintiff's allegations are sufficiently pled to meet the more stringent standard of a motion to dismiss. This Court finds only that the allegations are sufficiently pled to overcome the defendants' claim of fraudulent joinder.

plaintiff's reliance on Beagle v. Altivity Packaging, LLC, No. 5:09CV33, 2009 WL 2381297 (N.D. W. Va. July 31, 2009), is misplaced because in Beagle, this Court rejected the argument that the plaintiff could not state a claim against a co-worker under § 23-4-2(d)(2)(i) because the co-worker was not present at the worksite on the day of the accident. Id. at *3. The defendants also highlight the fact that Beagle involved only a claim under § 23-4-2(d)(2)(i), whereas the original complaint in this case contained only a claim under § 23-4-2(d)(2)(ii). However, this Court notes the substantial similarities between this action and Beagle, and that the plaintiff properly amended her complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.

Existing case law in this district holds that the immunity referenced in the above quoted statute applies both to employers and co-employees. See Weekly v. Olin Corp., 681 F. Supp. 346, 352 (N.D. W. Va. 1987); W. Va. Code § 23-2-6a (providing that the immunity from liability provided to employers that contribute to workers' compensation fund "shall extend to every officer, manager, agent, representative or employee of such employer when he is acting in furtherance of the employer's business and does not inflict an injury with deliberate intention"). The plaintiff is correct in that the West Virginia Supreme Court of Appeals has not addressed whether a deliberate intent cause of action can be brought against an employee under § 23-4-2(d)(2)(ii). However,

9

this Court and lower state courts have found that there is a possibility that the plaintiff can assert a cause of action against a supervisor in a case such as this. See Weekly, 681 F. Supp. at 352; Howell v. Nalco Chem. Co., No. 5:00-CV-205, (N.D. W. Va. Aug. 9, 2001); Morris v. PPG Indus., Inc., No. 5:99-CV-137 (N.D. W. Va. June 7, 2000) ("[I]t is sufficient for this Court to recognize that the allegations raised by the plaintiffs indicate that [the defendant] could be liable to the plaintiffs based, in part, upon [the defendant's] supervisory position . . ."); Crow v. Allied-Signal, Inc., No. 5:94-CV-91 (N.D. W. Va. July 18, 1995); Burch v. Monarch Rubber Co., No. 2:06-CV-760 (S.D. W. Va. Dec. 8, 2006) (citing Weekly to find that there is a chance that the deliberate intent cause of action applies to employees); Knight v. Baker Material Handling Corp., No. 01-C-39-1 (Harrison County W. Va. Cir. Ct. Sept. 26, 2001); Anderson v. Am. Elec. Power Serv. Corp., No. 06-C-770 (Kanawha County W. Va. Cir. Ct. April 10, 2007). Accordingly, this Court finds that the plaintiff did not fraudulently join defendant Galambus because there is a possibility of a claim against a co-employee and/or supervisor.

## V. Conclusion

For the reasons stated above, the plaintiff's motion to remand is hereby GRANTED. Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Harrison County, West Virginia. It is also ORDERED that the defendant Frank Galambus's motion to

dismiss be DENIED WITHOUT PREJUDICE to being raised in state court if appropriate.  The plaintiff's request for a hearing on the motion to remand is hereby DENIED.  It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Harrison County, West Virginia.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    December 1, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE